Nash, O. J.
 

 The pleajm abatement sets forth, that at the time the writ in this case issued, the plaintiff was a citizen of the State of Tennessee, and that he so continues, and that the defendant was, and is a citizen of the State of South Carolina.
 

 The case presents simply the. question, whether one citizen of the United States can sustain an action against a citizen of another, in a State where neither lives?
 

 The Act of the .General Assembly of this State, regulating the bringing of actions, has no relation to a case such as this; but is confined, mainly, to actions between citizen and citizen. To many purposes, the citizens of one State are citizens of every State in the Union : they are not aliens, one to the other; they can purchase and hold, and transmit by inheritance, real estate of every kind in each State. It would be strange indeed if a citizen of, Georgia, meeting his debtor, a citizen of Massachusetts, in the State of New York, should not have a right to demand what was due him, nor be able to enforce his demand by a resort to the Courts of that State.
 

 It is said that the Federal Court is open to him: That is so, provided the sum claimed is to an amount authorizing the interference of the latter court, to wit, $500. What is to be
 
 *343
 
 come of those numerous claims falling short of that amount ? Must a citizen of California, to whom one, a citizen of Maine, owes a debt of §490, go to Maine, and bring his suit there, or wait till he catches him in California? We hold not; but that the courts of every State in the Union, where there is no statutory provision to the contrary, are open to him to seek redress. We possess one common country, and, to many purposes, one common government. The case of
 
 Stramburg
 
 v.
 
 Heckman,
 
 1 Busb. Rep. 250, to which our attention has been drawn, was between two foreigners; the Court in sustaining the demurrer to the plea in abatement, state, that it did not appear in the pica, where the contract, sought to be enforced, was entered into, whether in a foreign country, or in this State, and thereupon the demurrer was sustained. If the principle enforced there, between foreigners, is to be applied to the citizens of different States of the Union, when seeking to enforce a contract in the courts of a third, then the plea here is defective: there is nothing in it to show that the contract was not made in North Carolina.
 

 In England a contract made in a foreign country may be enforced in the courts there, by the parties to it.
 
 Delavidge
 
 v. Vianna, 1 Barn and Adol. 284. Story’s Conf. Laws, sec.. 538 to, 542 and to 554. There is no error.
 

 Pee Cueiah. • ^ Judgment affirmed.