### JESTER v. STEAM PACKET COMPANY.

(Filed September 23, 1902.)

1. SUMMONS—*Service—Foreign Corporation—The Code, Sec. 217, Subsec. 1.*

   Service of summons on the president of a foreign corporation is valid, if made within the state, whether the president is in the state on private or official business.

2. APPEAL—*Premature—Summons.*

   An appeal from an order refusing to dismiss an action for lack of valid service of summons, is premature.

Cook, J., dissenting.

Action by Ella L. Jester against the Baltimore Steam Packet Company, heard by Judge *George H. Brown,* at April Term, 1901, of the Superior Court of Hertford County. From a refusal to dismiss the action, the defendant appealed.

*Winborn & Lawrence,* for the plaintiff.
*George Cowper,* for the defendant.

Montgomery, J.   Under a special appearance, the defendant made a motion to dismiss the action for want of valid service of the summons.   His Honor found from the evidence that the plaintiff's cause of action arose in another State; that the defendant had no agent in the State of North Carolina, that it was doing no business in the State, and that ser-

vice of summons was made on the president of the defendant company in Raleigh by the reading of the summons and delivery of a copy thereof to him.

Was the service of the process valid? The Courts of this State are open to all suitors, resident and non-resident, whether individuals or corporations. "Civil actions shall be commenced by issuing a summons," and there are no limitations or restrictions as to the residence of a would-be plaintiff. The manner prescribed by The Code for the service of the summons upon corporations (section 217, subsection 1), is by the delivery of a copy to the president or other head of the corporation, secretary, cashier, treasurer, director, managing or local agent thereof; but such service can be made in respect to a foreign corporation only when it has property within this State, or the cause of action arose therein, or when the plaintiff resides within the State, *or when such service can be made within the State* personally *upon the president, treasurer or secretary thereof."* (Italics are ours.) The president of the defendant company was found in this State, and the summons was personally served upon him. Our law was complied with. Why is not the service good? The purpose and aim of the service of the summons are to give notice to the party against whom the proceeding or action is commenced, and any notification which reasonably accomplishes that purpose answers the claims of law and justice. The legislative power of the State in which the action is commenced is charged with the duty and responsibility of prescribing the rules governing in such matters, and its action is not reviewable unless it should plainly appear that the notice did not amount to "due process of law." Such a manner of service of summons as our legislative body has provided may not be the best that might have been desired, but it is clear as to its meaning, not unreasonable, and there is nothing for the Courts to do but uphold it. It is a most

reasonable presumption that the officer served with the process in this case would communicate the notice to the corporation at once. It was his duty to take notice of the commencement of the action, and to give the information to the defendant. We do not see how the fact that the officer who was served with process was in the State on his private business at the time of the service can render the service invalid. Neither can the fact that he was not actually engaged in the service of the corporation at the time have such effect. In the case of service on an officer of a domestic corporation, it could not be supposed that it was necessary to serve it on him while he was actually engaged in the corporation's business or acting officially for it. The just and legal foundation for such service rests in the duty of the officer to report such service, and that the corporation would by that means receive notice. A judgment obtained in an action thus commenced against a foreign corporation would be valid in this State, and enforcible against any property at any time found in this State. What effect it would have in another State we need not discuss. The law of New York upon the question of service of process on foreign corporations is like ours, except that a non-resident, either individual or corporation, can not bring a suit against a foreign corporation. In that State, the question now before us, on a similar state of facts, has been before their Court of Appeals, and the service was held to be valid. *Pope v. Mfg. Co.,* 87 N. Y., 137. The Court there said: "In order to make such service effective, it is not needful that the officer served should be here in his official capacity, or engaged in the business of the corporation, or that the corporation should have any property in the State, or that the cause of action should have arisen in the State." The Court of Errors and Appeals of New Jersey, in the case of *Monlin v. Ins. Co.,* a case in which a judgment creditor commenced an action in that State upon a judgment obtained in

the State of New York, the defendant having been a foreign corporation, without property in the State, the cause of action not having arisen in the State, the corporation having no business in the State, and the president being accidentally in the State on a visit when the summons was served on him, refused to recognize the validity of the judgment. There was no such statutory law, however, in New Jersey as existed in New York in reference to the service of process on foreign corporations.

But this appeal was premature, and must be dismissed. *Cooper v. Wyman,* 122 N. C., 784; 65 Am. St. Rep., 731.

Appeal Dismissed.

Cook, J., dissents.