## LAMB v. ELIZABETH CITY.

(Filed November 11, 1902.)

1. EMINENT DOMAIN—*Damages—Towns and Cities—Evidence—Improvements.*

    Where plaintiff sued for wrongful taking of land and for damages to buildings, and abandoned the claim for the wrongful taking, evidence of special benefit to property of plaintiff by the improvements becomes immaterial.

2. EMINENT DOMAIN—*Pleadings—Allegata et Probata—Damages.*

    In an action for damages to buildings removed from land condemned for public use, there being no allegation as to damages for cost of raising buildings after being removed, nothing can be recovered therefor.

3. EMINENT DOMAIN—*Damages—Improvements—Set-off.*

    In an action for damages to buildings removed from land condemned for public use, special benefits from the improvements can not be used as a set-off to such damages, if such benefits were used as a set-off in the condemnation proceedings.

ACTION by E. F. Lamb against Elizabeth City, heard by Judge *O. H. Allen* and a jury, at March Term, 1901, of

the Superior Court of PASQUOTANK County. From a judgment for the defendant, the plaintiff appealed.

*Busbee & Busbee,* and *J. H. Sawyer,* for the plaintiff.
*E. F. Aydlett,* and *G. W. Ward,* for the defendant.

CLARK, J. In this action, the plaintiff asked damages (1) because the defendant had wrongfully entered and appropriated a strip of land 8 feet at one end and 4 feet at the other and 293 feet long, taken off the front of plaintiff's lot, in widening the street, which was paved and otherwise improved; (2) because the defendant moved back "the buildings and improvements from said land in a negligent and careless manner, to the plaintiff's damage $300."

It appeared in evidence that the strip had been regularly and legally condemned, the damages assessed and tendered. The plaintiff thereupon obtained leave and amended his complaint by striking out the allegation of wrongful taking. There was a great amount of evidence tending to show that the special benefit to plaintiff's property, separate from the general benefit common to others, was very much greater than the value of the strip taken. In view of the amendment abandoning the cause of action for wrongful taking the strip, and the adjudication in the condemnation proceedings (from which no appeal was taken), and tender of the damages assessed, all this evidence becomes immaterial and irrelevant.

As to the other ground of damages, for removal of the buildings in a careless and negligent manner, the plaintiff testified that the injury "to the land and buildings was about three hundred dollars," by reason of such negligence. It was in evidence that the defendant paid for their removal, and paid plaintiff rent for the same during the time they were necessarily unoccupied. The Court rightly refused to instruct the jury, as prayed by plaintiff, to consider as an element of damages the cost of raising

the houses after they were removed, for there was no allegation of such damages in the complaint.

But the Court erred in instructing the jury to deduct the value of the special benefit to the plaintiff's land by reason of the improvement. This was a proper matter for consideration in the proceedings for condemnation, and in assessing the amount of plaintiff's damages therein. They were probably so considered, as the damages assessed in that proceeding were only $30. Such damages were not a proper subject for consideration in this action, which is, after amendment of complaint, solely for injury sustained in the negligent and careless manner of removal of the buildings, unless it had been affirmatively shown that the benefit to the plaintiff's land by reason of the public improvement had not been considered in assessing the damages for taking the land.

Error.