D. J. McDONALD v. MACARTHUR BROS. COMPANY.

(Filed 20 December, 1910.)

1. Parties—Nonresident Plaintiff—Right of Action—Courts—Jurisdiction.

A nonresident plaintiff may maintain his action in our courts, and he may recover for work done in constructing a railroad situated in this State, and establish his lien on the roadway so constructed, and bring an attachment thereon. U. S. Constitution, Art. IV, sec. 2; Revisal, sec. 440.

2. Practice—Jurisdiction—Demurrer—Pleadings—Waiver.

A plea to the jurisdiction of the court over the parties and subject-matter of an action, or that the complaint does not state

a cause of action, is not waived by filing an answer, as such may be made at any time, even in the Supreme Court, *ore tenus.*

3. Courts—Jurisdiction—Foreign Contracts—Parties—Foreign Defendants—Cause of Action Here.

   When an action is brought by a nonresident plaintiff for breach of a written contract signed in another State, the written contract is not the cause of action, but breach in the performance thereof here, and the plaintiff may maintain his action, as the cause thereof arose in this State.  Revisal, sec. 440.

4. Contracts—Acceptance — "Final Estimate" of Work — Fraud in Law—Intent—Instructions—Right of Action.

   The plaintiff was a subcontractor of defendant, which was in turn a subcontractor of M. & Co., to build a railroad, the contract between M. & Co. and the original contractor, which was binding upon plaintiff, providing that the latter's engineer should certify that the work had been performed and accepted by the engineer.  It was set up as a defense that the plaintiff could not maintain his action until the certificate had been obtained.  It was found by the jury, in response to appropriate issues, that a "final estimate" had been rendered the plaintiff by M. & Co., but was grossly inadequate:  *Held,* (1) not error for the court to instruct the jury that if the estimate referred to contained such error of judgment as amounted to a mistake so gross as to necessarily imply bad faith, and to amount to fraud upon the rights of plaintiff, it was unnecessary to show the intention to commit a fraud or to act in bad faith, the court having correctly charged as to what constitutes legal fraud; (2) the jury having found that plaintiff had legal excuse to bring his action, a judgment in his favor will not be disturbed.

APPEAL by defendant from *George W. Ward, J.,* at May Special Term, 1910, of McDOWELL.

The facts are sufficiently stated in the opinion of *Chief Justice Clark.*

*McCormick, Henson & Brown, Pless & Winborne for plaintiff.*

*Hudgins, Watson & Johnston, Justice & Broadhurst for defendant.*

CLARK, C. J.  This action was brought against the S. and W. Railroad Company and its successor, the C. C. and O. Railroad Company, and the Meadows Company, which was the original

contractor for the whole work, and the appellant MacArthur Company, to whom the contract was sublet, they in turn subletting 18 miles of the work to the plaintiff. At the trial a nonsuit was taken as to the Meadows Company, except to the extent that the debt due by it to the MacArthur Company had been attached by the plaintiff to satisfy any judgment he might obtain against the MacArthur Company. There was also a nonsuit as to both railroad companies, except to the extent that it might be necessary to sustain the lien claimed by the plaintiff for work and labor done. So that practically the contest is between the MacArthur Company, the original subcontractor, and the plaintiff, its subcontractor.

The record is voluminous and the argument was very full, but the points decisive of the case are few in number and not difficult. The judge finds that the defendant was duly served with process and that an attachment had been duly issued and executed on the Meadows Company and the garnishee summoned, who filed an answer admitting an indebtedness to the defendant sufficient to pay the amount sued for in this case.

The defendant MacArthur Company moved to dismiss the action on the ground that the plaintiff is a nonresident of this State, that the contract was signed in Virginia, and that the plaintiff was not regularly engaged in carrying on business in this State, and that the subject-matter of this action was not situated here.

The court denied the motion to dismiss the action on the plea of the want of jurisdiction, and found as facts: "That the plaintiff McDonald was at the commencement of this action a nonresident of this State; that the contract sued on was signed in Virginia, but related to work which was subsequently to be done, and was done entirely in this State; that the negotiations, bargains, and dealings, leading up to the execution of the contract were had between the plaintiff and the defendant in this State; that the property on which the lien is claimed is a railroad bed and track in North Carolina, and that the work for which payment is sought was done on said railroad in this State; and that the plaintiff at the commencement of this

action was not regularly engaged in business here." The plea in abatement was filed after all the answers had been filed and the case called for trial.

The plea to the jurisdiction was properly overruled. The plaintiff contends that the objection, if valid, was waived by the defendant filing an 'answer. But not so. When the objection is to a defect of venue or for defective service of summons, or failure of service, such objection is waived by an answer or a general appearance. But where the objection is that the court has no jurisdiction of the person or of the subject-matter, or that the complaint does not state a cause of action, such objection can be taken at any time, and even in this Court *ore tenus*.

A nonresident has full right to bring an action in our courts. *Walters v. Breeder,* 48 N. C., 64; *Miller v. Black,* 47 N. C., 341; *Thompson v. Tel. Co.,* 107 N. C., 456; *Hines v. Vann,* 118 N. C., 6. Indeed, in some cases (for instance, where the sum is too small to sue for in the Federal court) a nonresident plaintiff would be without remedy, unless he has a right to bring suit in our State court. Indeed, Const. U. S., Art. IV, sec. 2, provides: "The citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States." The right to obtain justice by an action in the State courts is one of these privileges. Cooley Const. Lim. (7 Ed.), 37. In *Corfield v. Coryell,* 4 Wash. C. C., 380, cited by Judge Cooley, among such privileges and immunities is recited the right "to institute and maintain actions of every kind in the courts of the State."

As to the defendant company, Revisal, 440, provides that one of the cases in which a foreign corporation can be served is "when such service can be made within the State, personally upon the president, treasurer, or secretary thereof." As a nonresident corporation can be sued under such circumstances, and the judge has found as a fact that service was duly had, the presumption (and there is nothing to rebut it) is that this service was thus made. Besides, another case in which that section allows suit against a foreign corporation in our courts is when "the cause of action arose" in this State. Here the cause of action is for work which was done in this State. The

McDonald v. MacArthur.

contract, though signed accidentally in Virginia, was not the cause of action. It stipulated that the contract was to be performed in this State, and named the prices which were to be paid therefor. This action is not for failure to do the work. The work was done, and done here, and the cause of action is for nonpayment for the same. In any aspect, the court had jurisdiction. The action seeks to attach a sum due by the Meadows Company to the defendant company, and the attachment was duly levied in this State; and, furthermore, to declare and enforce a lien for work and labor done, against the railroad property in this State. This of itself would confer jurisdiction, and the defendant MacArthur Company could have been brought in as a necessary party. Indeed, in transitory actions a nonresident may be sued at common law, independent of statute, in any jurisdiction where he may be found. We have held that a nonresident corporation may be sued here, though it has done no business in this State, if service can be had upon its officer who is here only temporarily. *Jestor v. Steam Packet Co.,* 131 N. C., 54; *Greenleaf v. Bank,* 133 N. C., 292; *Johnson v. Reformers,* 135 N. C., 387.

The other ground relied upon is that under a proper construction of the contract the plaintiff could not institute this action until he had obtained a certificate that the work had been performed and accepted from the chief engineer of the Meadows Company. As to this defense, the court upon the pleadings submitted to the jury the following issues, among others:

2. Did the plaintiff have legal excuse to prosecute this suit without such "final estimate" being rendered? Answer: Yes.

3. Was the paper-writing or statement (called "final estimate" in the answer) which was offered in evidence, of date November, 1908, rendered to the plaintiff by the MacArthur Company, as alleged? Answer: Yes.

4. Was said paper-writing or statement grossly erroneous, as alleged? Answer: Yes.

The court properly instructed the jury: "If you believe from the evidence that the estimate referred to contained such error of judgment as amounted to a mistake so gross as to necessa-

rily imply bad faith and to amount to a fraud upon the rights of the plaintiff, you should answer the fourth issue 'Yes,' and this would be so though there is no evidence of an intention to commit a fraud or to act in bad faith."

There was no dispute that the defendant rendered the plaintiff a final estimate in November, 1908. The court instructed the jury: "The contention of the plaintiff is that this paper-writing, called 'final estimate,' was grossly erroneous, and the plaintiff insists that the amount which you will find due was so far from being insignificant and was such a considerable sum in comparison with the aggregate of the whole work done, that any court and any jury ought to say (the plaintiff insists) that it was not only erroneous, but that it was gross error and such as would amount to a legal fraud." Thereupon the court explained what was legal fraud, and also gave the contention of the defendant. The jury found the issues as above stated. The charge is lengthy and gave the contentions of both parties. We do not find it necessary to reproduce it here. After thorough investigation of the charge, we find no error therein. The findings of the jury as to the facts are conclusive.

The above are the decisive points in the case, and on review of all the exceptions and assignments of error and with the aid of the very learned arguments of counsel, we are able to find

No error.