EMPORIA CONCRETE AND CONSTRUCTION COMPANY v. BOARD OF COMMISSIONERS OF GRANVILLE COUNTY.

(Filed 30 October, 1912.)

Contracts—Interpretation—Monthly Estimates—Final Estimates— Measure of Damages—Evidence—Quantum Valebat.

In an action to recover upon a written contract to construct and repair a public road, it thereunder appeared that payments to the plaintiff were to be made, from month to month, upon the certificate of the defendant's engineer as to the amount and value of the work performed by the plaintiff within the month, deducting 10 per cent until the final completion and acceptance of the entire work, when the percentage so retained and the balance due, as then estimated and certified by the engineer for the whole work, should be paid, expressly providing that in making the final estimate the engineer should not be bound by the preceding estimates and certificates which were to be given by him monthly, but that they were to be considered as "approximate to the final estimate." The defendant annulled the contract before completion, as it had a right to do according to its provisions, and in the plaintiff's action to recover for the balance due, it is *Held,* the measure of its damages was the reasonable value of the work done that had not been received in the monthly payments, the monthly estimates by the very terms of the contract not being conclusive, but only to be received as evidence of the value of all the work which the plaintiff had done.

APPEAL by plaintiff from *Carter, J.,* at April Term, 1912, of GRANVILLE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Buford & Palmer and T. T. Hicks for plaintiff.*
*B. S. Royster and Graham & Devin for defendant.*

WALKER, J. This action was brought to recover $1,838.50 for work and labor done and materials furnished by the plaintiff for the defendant, in the construction and reparation of fifteen miles of a public road, under a written contract between the parties. It was stipulated therein that the work done in each month, which the engineer certified had been performed in accordance with the contract, should be paid for on the 15th day of the next month, but that 10 per cent should be deducted and withheld by defendant until the final completion and acceptance of the entire work, when the said percentage so retained, together with the balance due, as estimated and certified by the engineer, for the whole work, should be paid by the defendant. Provision was made for a final estimate by the engineer, but it was expressly agreed that the engineer, in making the final estimate, should not be bound by the preceding estimates and certificates which had been made from month to month, but they were to be considered as "approximate to the final estimate," and were not to be taken or construed as an acceptance of the work or a release of the contractor from responsibility therefor, until the final estimate had been made and the work, in its entirety, accepted as completely performed according to the terms of the contract. It was also provided that the contract could be annulled at the discretion of defendant, in which case the contractor (plaintiff) should be paid "pro rata according to the amount of work remaining to be done, under the contract, as compared with the cost of the whole work specified therein," with the right reserved to the contractor, if the work should be resumed, to receive the prices fixed by the contract for the same, that is, for any work thereafter done. It appears that monthly estimates, and certificates thereof, were made, as

required by the contract, but the work was suspended or discontinued by the defendant, who complained of defective construction, but the case was given to the jury under an instruction which assumed, and so directed them, that there had been no violation of the contract by the plaintiff.

The only question in the case was, how much the plaintiff was entitled to recover for the services rendered and materials furnished in the performance of its part of the contract. There was no final estimate of the work, and no certificate given by the engineer that all the work had been done according to the contract. But plaintiff contended that, in the absence of such an estimate and certificate, the previous monthly estimates and certificates should be regarded as final and conclusive of the amounts due the plaintiff, and requested, the court to so instruct the jury, which request was refused, and plaintiff excepted. In their brief, counsel for plaintiff very frankly stated that, if plaintiff was not entitled to this instruction, the judgment should be affirmed, and they abandon all other exceptions appearing in the case. The court instructed the jury to find what was the value of plaintiff's work, as he would be entitled to recover its reasonable worth. The jury were told that, by the very terms of the contract, the monthly estimates were not final and conclusive, and that as no final estimate was made, they should consider all the evidence and assess plaintiff's damages at such sum as they found to be the reasonable worth of what was done in the performance of the contract and for which no payment had been made. The jury returned a verdict in favor of plaintiff for $500. Exceptions were duly noted and an appeal taken from the judgment on the verdict. We think the instruction was correct. His Honor would not have been warranted in a charge to the jury that the monthly estimates and certificates should be final and conclusive, when the contract expressly states that they shall not be. Such an instruction would have the effect of making a contract for the parties to which they had not assented, instead of construing the one they had made. The contract evidently contemplated two sets of certified estimates, those to be submitted monthly and, at the completion

of the work, a final estimate which should be conclusive when duly certified as correct by the engineer. .If the monthly esti-. mates covered all the work done and should be taken as *prima facie* correct, the instruction would still have been erroneous, as it required the court to charge that they were final and conclusive, and entitled the plaintiff to recover $1,786.10 and interest.    The court gave the plaintiff the full benefit of the monthly estimates, as evidence of the amount due the plaintiff, and the charge was as favorable, in this respect, as the law permitted it to be.

Plaintiff's counsel relied on *Burgin v. Smith,* 151 N. C., 561; *McDonald v. McArthur,* 154 N. C., 122; *Sweet v. Morrison,* 116 N. J., 19; *Condon v. Railway Co.,* 14 Grattan, 302, and other cases of their class, but we think they have no bearing upon the question now before us.   If there had been a final estimate, or even if the work had been accepted under certified monthly estimates, without the provision in the contract as to the inconclusive character of such estimates, those cases might, and perhaps would, be pertinent authorities; but the facts in this case, and those upon which the decisions were based in the cases cited, are essentially different.   In the absence of any stipulation fixing the price of the work performed by plaintiff, it was entitled to receive its reasonable worth, and no more.   This the jury has ascertained to be $500.

A contract similar, in substantial respects, to the one upon which this suit is based, was considered and construed in *O'Brien v. Mayor of New York,* 139 N. Y., 543, and the conclusion we have reached is in full accord with the decision in that case.   It may be that the facts disclosed in the record are stronger in favor of the defendant than those in the case we have cited were in favor of the defendant in that case.   If there is any difference in the two cases, it is in favor of defendant in the case at bar.

We find that there was no error committed at the trial.

No error.