S. W. LEDFORD v. WESTERN UNION TELEGRAPH COMPANY ET AL.

(Filed 20 December, 1919.)

1. **Courts— Jurisdiction— Actions— Transitory Causes— Nonresidents— Process—Summons.**

An action to recover damages for an injury negligently inflicted is for a transitory cause following the person of the party injured, and he, though a nonresident, may maintain it in the courts of our State upon a cause of action arising in another State, irrespective of the nonresidence here of any or all of the parties, or whether the defendant be a corporation, or the place where the injury was inflicted, if valid service of summons can be herein made.

**2. Statutes—Other States—Decisions—Adopted Here—Interpretation.**

Where a statute law of another State is afterwards enacted here, and the language has received a settled construction there, the Legislature will be presumed to have adopted it with the intention that it shall receive that interpretation.

**3. Courts—Jurisdiction—Transitory Cause—Statutes—Other States—Interpretations.**

Our statute, Rev., 423, providing that actions against foreign corporations may be brought in any county wherein the cause of action arose or in which the corporation usually does business, or in which it has property, or in which the plaintiff, etc., resides, under certain restrictions, is under the subject of venue and not jurisdiction, and, though it enumerates certain cases, it does not purport to restrict the jurisdiction of the court or to prevent the exercise of such jurisdiction as theretofore existed; and under our own decisions and those of New York, from which the statute was adopted, it does not interfere with the jurisdiction of our courts of transitory causes of actions.

Appeal by plaintiff from *Ray, J.,* at the May Term, 1919, of Madison. This is an action to recover damages for personal injury, which was dismissed for want of jurisdiction, and the plaintiff excepted and appealed.

*C. B. Mashburn for plaintiff.*
*Merrimon, Adams & Johnston for defendants.*

Allen, J. The plaintiff is a nonresident, the defendants are nonresident corporations, and the cause of action arose in Tennessee.

Can the action be maintained in the courts of this State?

The rule which prevails and is controlling is stated in *Reeves v. Southern Railway Company,* 121 Ga., 561, as follows: "The weight of modern authority seems to support the proposition that a foreign corporation may be sued on a transitory cause of action in any jurisdiction where it can be found in the sense that service may be perfected upon an agent or officer transacting business for the corporation within that jurisdiction, and that the residence of the plaintiff and the place at which the cause of action arose are not material questions to be determined to maintain jurisdiction if the corporation can be found and served. From among the numerous cases relating to this subject we cite the following. *Eingartner v. Illinois Steel Co.,* 94 Wis., 70; *Nelson v. Chesapeake, etc., R. Co.,* 88 Va., 971; *Haggin v. Comptoir D'Escompte,* 23 Q. B. D., 519; *Lhoneux v. Hong Kong, etc., Banking Corp.,* 33 Ch. D., 446; *Dennick v. Central R. Co.,* 103 U. S., 11, 18; *St. Clair v. Cox,* 106 U. S., 350, 354; *Barrow Steamship Co. v. Kane,* 170 U. S.,

109; *Knight v. West Jersey R. Co.,* 108 Pa. St., 250.   See, also, Reno on
Nonresidents, par. 44, *et seq.;* Minor's Conflict of Laws, par. 192."

Also, in *Eingartner v. Illinois Steel Co.,* 94 Wis., 70: "This is an
action to recover damages for injuries to the person.  It is, therefore,
purely a transitory action, and the principle that the courts of this State
have jurisdiction to entertain such an action, although the cause arose
in Illinois and the parties are residents of Illinois, is unquestioned.
*Curtis v. Bradford,* 33 Wis., 190."

In *Pullman v. Lawrence,* 74 Miss., 797: "It is assigned for error
that the court below erred in sustaining plaintiff's demurrer to the plea
to the jurisdiction filed by the defendant.

"Until the hearing of the able and exhaustive oral argument of appel-
lant's counsel in support of this assignment, we had supposed there was,
in our own State, no ground left for dispute that, in transitory actions,
whether in tort or on contract, our courts were wide open to any suitor,
resident or nonresident, against his adversary, whether resident or non-
resident, whether a natural person or an artificial one, regardless of
where the right of action occurred, if only the courts had jurisdiction
of the subject-matter, and could obtain jurisdiction of the party, either
by a voluntary appearance or by the service of process."

In *Burns v. R. R.,* 113 Ind., 172: "A civil right of action acquired
under the laws of the State where the injury was inflicted, or a civil
liability incurred in one State, may be enforced in any other in which
the parties in fault may be found, according to the course of procedure
in the latter State."

To the same effect 12 R. C. L., 115, and cases so collected in the note,
2 Anno. Cases, 210.

Is there any statute in our State changing this rule?   The one relied
on, and the only one that has any relevancy, is section 423 of the Revisal,
which provides that actions against foreign corporations may be brought
in any county in which the cause of action arose, or in which the corpo-
ration usually does business, or in which it has property, or in which the
plaintiffs, or either of them, reside, in the following cases:

"1. By a resident of this State, for any cause of action; or by a non-
resident of this State in any county where he or they are regularly en-
gaged in carrying on business.

"2. By a plaintiff, not a resident of this State, when the cause of
action shall have arisen, or the subject of the action shall be situated
within this State."

This statute is under venue and not jurisdiction, and while it enumer-
ates certain cases it does not purport to restrict the jurisdiction of the
court or to prevent the exercise of such jurisdiction as theretofore existed.

It is taken from the New York statute on the subject, and, "Where the Legislature enacts a provision taken from a statute of another State or county, in which the language of the act has received a settled construction, it is presumed to have intended that such provision should be understood and applied in accordance with that construction." 36 Cyc., 1154.

In *Dewitt v. Buchanan,* 54 Barb. (N. Y.), 32, the Court says: "Actions for injuries to the person are transitory, and follow the person; and, therefore, so far as the nature of the action is concerned, one foreigner may sue another foreigner in our courts for a tort committed in another country, the same as on a contract made in another country.

"It is now settled that the courts of this State have, and will entertain, jurisdiction of actions for personal injuries committed abroad, when both, or either of the parties, are citizens of the United States."

And in *Robinson v. The Oceanic Steam Co.,* 112 N. Y., 322: "In the same year section 427 was added to the Code of Procedure, providing as follows:

"An action against a corporation, created by or under the laws of any other State, government, or country, may be brought in the Supreme Court, the Superior Court of the city of New York, or the Court of Common Pleas for the city and county of New York, in the following cases:

"1. By a resident of this State for any cause of action.

"2. By a plaintiff not a resident of this State, when the cause of action shall have arisen, or the subject of the action shall be situated within the State.

"This section did not assume to define all the cases in which actions could be brought against foreign corporations, and did not absolutely limit the power and jurisdiction of the courts mentioned. It specified the cases in which foreign corporations could compulsorily, by service or process in the mode prescribed by law, be subjected to the jurisdiction of the courts. It did not deprive the courts of any of their general jurisdiction.

"The Supreme Court, being a Court of general jurisdiction, independently of any statute, entertain actions against foreign corporations. Such corporations could, by the common law, always be sued in this State by any plaintiff for any cause of action, provided jurisdiction could be obtained of their person (Morawetz on Corp., sec. 977, and case cited in note); and so it was held construing this section of the Code in *McCormick v. Pennsylvania Railroad Co.* (49 N. Y., 503). There the action was brought by a nonresident plaintiff against a foreign corporation for a cause of action which arose without the State, and it was held that the court could entertain the action because the defendant had

appeared generally in the action, and submitted itself to the jurisdiction of the Court, the cause of action being one of a class coming within its jurisdiction." The Court then proceeds to show that thereafter the statute was amended by adding after "following cases" the word "only," and that this had the effect of limiting the jurisdiction.

The authorities in our own State, before and since the statute, are to the same effect.

In *Walker v. Breeder,* 48 N. C., 64, *Pearson, J.,* says: "We think it settled that a citizen of South Carolina may sue another citizen of that State in the courts of our State upon a personal cause of action originating in South Carolina. *Miller v. Black,* 2 Jones, 341." And this is approved in *Thompson v. Tel. Co.,* 107 N. C., 456; *McDonald v. McArthur,* 154 N. C., 125, and in other cases.

In the *Thompson case* the action was by a nonresident against a nonresident corporation.

"We are, therefore, of opinion that the action can be maintained in this State, and that the ruling of the court below is erroneous."

Reversed.