McGOVERN & COMPANY, Inc., v. ATLANTIC COAST LINE RAILROAD·
   COMPANY and WALKER D. HINES, Director General.

(Filed 20 October, 1920.)

Courts—Jurisdiction—Transitory Actions—Actions—Railroads— Statutes·
   —General Orders.

> The courts of our State have jurisdiction of an action brought here by·
> a nonresident plaintiff, against a railroad company, incorporated in North.
> Carolina, to recover an injury to, or loss of goods, caused by an initial
> and connecting carrier, a foreign corporation, in another State (Rev.,.
> 1500; C. S., 1436), the cause of action being transitory; and Rev., 423,
> 424; C. S., 468, 469, and General Orders of Director General of Railroads,
> Nos. 18 and 18-a, relate solely to venue and have no application to taking·
> jurisdiction of an action.

. Appeal by defendant from *Stacy, J.,* at February Term, 1920, of
New Hanover, for refusal to sustain the demurrer of the defendants·
to the jurisdiction, and to dismiss the action.

*Carr, Poisson & Dickson for plaintiffs.*
*Rountree & Davis for defendants.*

Clark, C. J.  The cause of action arose in Massachusetts by the·
wrongful act of the Boston & Albany Railroad Company, the initial·
carrier, connecting with the Atlantic Coast Line Railroad Company.
The plaintiffs are residents of New York, and the defendant, the Atlan--
tic Coast Line Railroad Company, is a North Carolina corporation for·
the purposes of jurisdiction. · *Staton v. R. R.,* 144 N. C., 135; *R. R. v.
Spencer,* reviewed and reaffirmed; *Brown v. Jackson,* 179 N. C., 363.

Certainly the Superior Court has jurisdiction of an action brought
by a nonresident against a domestic corporation in the State of its
domicile.  The defendant, in his demurrer to the jurisdiction, relies·
upon the Rev., 424; C. S., 468, 469.  But these sections, as well as Rev.,
423; C. S., 467, are in the subchapter, "Venue," and have no application
to jurisdiction which is governed by Rev., 1500; C. S., 1436; which
provides that "The Superior Court has original jurisdiction of all civil
action where exclusive original jurisdiction is not given to some other·
court."

Rev., 423, was fully considered in *Ledford v. Tel. Co.,* 179 N. C., 63',
in a well reasoned opinion by *Allen, J.,* which held that "an action to·
recover damages for an injury negligently inflicted is transitory, and the
party injured may maintain such action in our State, though he may
be a nonresident and the cause of action arose in another State, regard-
less of the defendant's nonresidence here, or whether it be a corporation,
if valid service of summons can be made here.  The same ruling applies·

to Rev., 424. The decisions cited in *Ledford v. Tel. Co., supra,* are numerous and are selected from many States, and are conclusive.

If the defendant's reasoning was correct, action could not be brought in New York, where the plaintiffs reside, nor in Massachusetts, where the cause of action arose, because the defendant railroad company cannot be served in either of those States.

The defendants also maintain that this action cannot be maintained at all against the railroad company, but we have held to the contrary in *Clements v. R. R.,* 179 N. C., 225; *Gilliam v. R. R., ib.,* 508; *Hill v. Director General,* 178 N. C., 609, which have been reaffirmed at this term in *Vann v. R. R.,* 180 N. C., ......

General Orders Nos. 18 and 18-a, relied upon by the defendants, pertain, like Rev., 423 and 424, only to *venue,* and do not deprive our courts of jurisdiction.

·The demurrer to the jurisdiction was therefore properly overruled.

Affirmed.