### J. A. HARWOOD v. CITY OF CONCORD.

(Filed 9 December, 1931.)

**Eminent Domain D c—Statutory remedy of appeal from appraisers is exclusive and owner may not maintain independent action for compensation.**

The remedy provided by statute for the assessment of damages to the property of a private owner taken by a city for a public use must be observed, and where an owner fails to appeal from the reports of the appraisers or fails to perfect an appeal therefrom he may not bring a separate action in the courts to have his damages assessed.

APPEAL by plaintiff from *Oglesby, J.,* at February Term, 1931, of CABARRUS. No error.

This is an action to recover compensation for part of a lot located in the city of Concord, owned by the plaintiff, and taken by said city, under its right of eminent domain, for street purposes. The action was begun by summons issued out of the Superior Court of Cabarrus County on 17 May, 1930.

On 6 December, 1928, a proceeding for the condemnation of said land, in accordance with the provisions of the charter of the city of Concord, was begun by the board of aldermen of said city. The report of the appraisers appointed by said board of aldermen was filed with said board on 3 January, 1929. Plaintiff had notice of said proceeding and of the report of the appraisers. He objected to said report, contending

before said board that he was entitled to recover a larger amount as his damages than that assessed by the appraisers. The board of aldermen declined to pay to plaintiff the amount of his claim. There was evidence tending to show that plaintiff gave notice of his appeal from the report of the appraisers to the Superior Court of Cabarrus County, in accordance with the provisions of the charter of the city of Concord. Plaintiff did not perfect an appeal, but thereafter began this action.

At the close of the evidence, the court instructed the jury that plaintiff was not entitled to recover of the defendant in this action, and that therefore the jury should answer the issue submitted to them, "Nothing." The jury answered the issue in accordance with this instruction.

From judgment that plaintiff recover nothing by this action, plaintiff appealed to the Supreme Court.

*H. S. Williams and B. W. Blackwelder for plaintiff.*
*Z. A. Morris, Jr., and Hartsell & Hartsell for defendant.*

PER CURIAM. Where, as in the instant case, the statute authorizing the condemnation of land under the right of eminent domain provides for the assessment of damages by appraisers, and affords ample remedy for an appeal by the landowner from the report of the appraisers to the Superior Court, where the issue involving the amount of damages may be answered by a jury, the statutory remedy is exclusive, and the landowner cannot ordinarily maintain an action for the recovery of his damages, resulting only from the taking of his land for public purposes. This principle is well settled by decisions of this Court. *Long v. Randleman,* 199 N. C., 344, 154 S. E., 317; *Latham v. Highway Commission,* 191 N. C., 141, 131 S. E., 385; *McKinney v. Highway Commission,* 192 N. C., 670, 135 S. E., 772; *Greenville v. Highway Commission,* 196 N. C., 226, 145 S. E., 31; *Lamb v. Elizabeth City,* 132 N. C., 194, 43 S. E., 628. The instruction of the court to the jury at the trial of this action was in accord with this principle.

Plaintiff having failed to appeal from the report of the appraisers in the condemnation proceeding begun and prosecuted under the order of the board of aldermen of the city of Concord, as he was authorized to do by the charter of said city, or, if he gave notice of his appeal, as he contended, having failed to perfect his appeal as authorized by the statute, cannot recover in this action. The judgment is affirmed.

No error.