FLORENCE E. STEELE v. THE WESTERN UNION TELEGRAPH COMPANY.

(Filed 21 March, 1934.)

1. **Process B d—Foreign corporation doing business here may be served by service on its local agent in transitory action by nonresident.**

Jurisdiction over the person of a foreign corporation may be obtained by our courts by service of process on its local agent in this State in an action brought by a nonresident plaintiff on a transitory cause of action arising in another state when the defendant corporation has property and is doing business in this State, and the cause of action is not contrary to our public policy, C. S., 483, the statute authorizing this method of service in such instances not being in contravention of either Art. I, sec. 8, or the Fourteenth Amendment of the Federal Constitution.

2. **Same—Presence of foreign corporation in this State for purpose of service of summons.**

A foreign corporation is doing business in this State so as to render it amenable to service of process by service on its local agents when it engages in transactions and carries on its corporate business here to such an extent as to manifest its presence within the State.

APPEAL by defendant from *McElroy, J.,* at December Term, 1933, of BUNCOMBE.

Transitory action brought by a nonresident in the General County Court of Buncombe County against a foreign corporation, doing business in this State, on a cause of action arising in the District of Columbia.

It appears from the complaint that the plaintiff is a resident and citizen of the District of Columbia; that the defendant is a corporation organized under the laws of the State of New York, doing business in the District of Columbia, the State of North Carolina, and elsewhere in the United States and foreign countries; and that the cause of action, upon which plaintiff sues, is one *in tort* to recover damages for personal

injuries alleged to have been caused by the negligent or wilful conduct of a servant or messenger boy of the defendant in the District of Columbia.

Service of process was made upon the defendant by reading and delivering a copy of the summons and verified complaint to E. N. Williams, local agent of the defendant and manager of its office at Asheville, Buncombe County, North Carolina, as provided by C. S., 483.

The defendant appeared specially and moved to quash the summons on the ground that it had not been brought into court on any valid and binding service of process. The motion was denied, to which ruling the defendant preserved its exception. After appropriate proceedings, final judgment was entered for plaintiff.

The defendant appeals, presenting the single question of the sufficiency of service of process to give the court jurisdiction over the person of the defendant.

*Martin & Martin for plaintiff.*
*Francis R. Stark and Alfred S. Barnard for defendant.*

STACY, C. J. The plaintiff is a nonresident; the defendant, a foreign corporation, having property and doing business in this State; the cause of action, transitory, disconnected with any corporate action of the defendant in this jurisdiction, but not contrary to the public policy of the State. The suit arises out of alleged transactions in the District of Columbia.

Is service of summons on a local agent of the defendant, as provided by C. S., 483, sufficient to bring the defendant corporation into court in the instant case so as to give the court jurisdiction over the person of the defendant? The answer is, Yes.

It is provided by the statute in question that in actions against corporations, service of summons may be had by delivering copy thereof to the president or other head of the corporation, secretary, treasurer, director, managing or local agent, and in this respect applies alike to all corporations, both domestic and foreign. Then follows a proviso as to who shall be considered local agents within the meaning of the section, and the last clause establishes certain restrictive conditions as prerequisites to a proper service on foreign corporations, *i. e.,* it is provided service on the officers or agents designated in the first clause can be made in respect to a foreign corporation only (1) when it has property, or (2) the cause of action arose, or (3) the plaintiff resides, in this State. And then a fourth method is established: When service can be made personally within the State on the president, treasurer, or secretary. *McDonald v. MacArthur Bros. Co.,* 154 N. C., 122, 69 S. E., 832.

That the court has jurisdiction of the cause of action is conceded. Such was the direct holding in *Ledford v. Tel. Co.,* 179 N. C., 63, 101 S. E., 533, and we are not asked to review this decision. Compare *La. St. Rice Milling Co. v. Mente & Co.,* 173 Ga., 1, 159 S. E., 497. There, a nonresident sued the present defendant in the Superior Court of Madison County on a transitory cause of action arising in *Tennessee,* and the jurisdiction of the court over the subject-matter of the action was upheld; but the question of sufficiency of service to give the court jurisdiction over the person of the defendant was not mooted.

Further, it is not controverted that if the plaintiff were a resident of Buncombe County, *Griffin v. S. A. L. Ry.,* 28 Fed. (2d), 998, or the cause of action had arisen in connection with the defendant's local business, *Maverick Mills v. Davis,* 294 Fed., 404, the service would have been sufficient. *Bryan v. Tel. Co.,* 133 N. C., 603, 45 S. E., 938; *Whitehurst v. Kerr,* 153 N. C., 76, 68 S. E., 913; *St. Clair v. Cox,* 106 U. S., 354. Nor is it presently denied that effective service might have been had upon an actual agent of the defendant, such as president, treasurer or secretary. *Jester v. Steam Packet Co.,* 131 N. C., 54, 42 S. E., 447; *Cunningham v. Express Co.,* 67 N. C., 425; *Bagdon v. P. & R. Coal and Iron Co.,* 217 N. Y., 432, 111 N. E., 1075, 64 L. R. A., 407; Annotation, 30 A. L. R., 255. Compare *James-Dickinson Farm Mfg. Co. v. Harry,* 273 U. S., 119; 12 R. C. L., 111.

The defendant's contention is, that if service on a local agent, in an action like the present, be held valid and binding on the defendant, then to this extent the statute offends not only against the commerce clause of the Federal Constitution, *Davis v. Farmers Cooperative Co.,* 262 U. S., 312, but also against the due process clause of the Fourteenth Amendment. *Simon v. So. Ry. Co.,* 236 U. S., 115.

The precise question here presented seems to be one of first impression in this jurisdiction, and we do not find any decision of the Supreme Court of the United States which exactly decides it. It is urged that the opinion in *L. & N. R. Co. v. Chatters,* 279 U. S., 320, contains expressions broad enough to cover it, but the case itself is not decisive of the point. Nor are the other Federal cases, cited by defendant, determinative of the question: *Davis v. Farmers Cooperative Co.,* 262 U. S., 312; *Atchison, Topeka & Santa Fe Ry. v. Wells,* 265 U. S., 101; *Michigan Central Ry. Co. v. Mix,* 278 U. S., 492; *Denver, etc. Ry. Co. v. Terte,* 284 U. S., 284; *Simon v. Southern Ry. Co.,* 236 U. S., 115; *Old Wayne Life Ins. Co. v. McDonough,* 204 U. S., 8.

The attitude of the Court of final authority, as said by *Mr. Chief Justice Taft* in *Mo. Pac. R. Co. v. Clarendon Boat Oar Co.,* 257 U. S., 533, indicates "a leaning toward a construction (of statutes providing for service on foreign corporations), where possible, that would exclude

from their operation causes of action not arising in the business done by them in the state." *Robert Mitchell Furn. Co. v. Const. Co.,* 257 U. S., 213; *Chipman v. Thomas B. Jeffery Co.,* 251 U. S., 373.

The one circumstance which differentiates the present case from those cited and relied upon by the defendant is the concession or admission that the defendant has property and is doing business in the State of North Carolina, which means, as we understand it, in the absence of a showing to the contrary, that the defendant has property and is doing business in this jurisdiction in such manner and to such extent as to warrant the inference that it is present here, engaged in corporate transactions through local agents. *L. & N. R. Co. v. Chatters, supra.*

A corporation is not always present where its officers are, but it is present in any place where its officers or agents transact business in its behalf under authority conferred upon them by the corporation. *Qui facit per alium facit per se. Green v. C. B. & Q. Ry. Co.,* 205 U. S., 530; *Lafayette Ins. Co. v. French,* 18 How., 404, 15 L. Ed., 451, 12 R. C. L., 108.

The presence of a corporation within a state, necessary to the service of process, is shown when it appears that the corporation is there engaged in transactions and carrying on its corporate business in such way as to manifest its presence within the State. *International Harvester Co. v. Kentucky,* 234 U. S., 579; *Lunceford v. Accident Association,* 190 N. C., 314, 129 S. E., 805; *Busch v. L. & N. Ry. Co.,* 322 Mo., 469, 17 S. W., (2d), 337, *certiorari* denied, 280 U. S., 569, *Alwood & Greene v. Buffalo Hardwood Lbr. Co.,* 152 Tenn., 544, 279 S. W., 795.

Speaking generally to the subject in *Anderson v. Fidelity Co.,* 174 N. C., 417, 93 S. E., 948, *Hoke, J.,* delivering the opinion of the Court, said:

"Authoritative cases on the subject are to the effect, further, that when a state by its statutes has established and provided a method of personal service of process on foreign corporations doing business therein, one that is reasonably calculated to give full notice to such companies of the pendency of suits against them, these provisions are to be regarded as conditions on which they are allowed to do business within the State, and when they afterwards come into the State and enter on their business they are taken to have accepted as valid the statutory method provided, and such a service will be held to confer jurisdiction. *St. Clair v. Cox,* 106 U. S., 350-356; Beale on Foreign Corporations, secs. 74 and 266.

"In citation to Beale, sec. 266, it is said: 'The consent to be sued may be implied from the conduct of the foreign corporation. If the law of the State provides that a foreign corporation doing business in the State shall be liable in its courts after process served in a prescribed

manner, this is to be regarded as the expression of the will of the State that a foreign corporation shall do business in the State only on condition that it consent to be sued,' etc."

The prevailing view of a majority of the state courts, is that, if a foreign corporation is doing business in a state, it may there be subjected to the jurisdiction of the courts of that state on service of process made according to the *lex fori,* for any cause of action of which the courts of the state will take cognizance. Bowers' Process and Service, 492. The decision in *Hoffman v. Foraker,* 274 U. S., 21, as said in *Winders v. Ill. Cent.,* 177 Minn., 1, 223 N. W., 291, and *Gegere v. C. & N. W. Ry. Co.,* 175 Minn., 96, 220 N. W., 429, seems to lend support to the correctness of this view.

In the leading case of *Reeves v. So. Ry. Co.,* 121 Ga., 561, 49 S. E., 674, 2 Ann. Cas., 207, 70 L. R. A., 513, *Cobb, J.,* delivering the opinion of the Court, states the rule as follows:

"The true test of jurisdiction is not residence or nonresidence of the plaintiff, or the place where the cause of action originated, but whether the defendant can be found and served in the jurisdiction where the cause of action is asserted. A corporation can be found in any jurisdiction where it transacts business through agents located in that jurisdiction, and suits may be maintained against it in that jurisdiction if the laws of the same provide a method for perfecting service on it by serving its agents. . . . The weight of modern authority seems to support the proposition that a foreign corporation may be sued on a transitory cause of action in any jurisdiction where it can be found in the sense that service may be perfected upon an agent or officer transacting business for the corporation within that jurisdiction, and that the residence of the plaintiff and the place at which the cause of action arose are not material questions to be determined to maintain jurisdiction if the corporation can be found and served."

Again, in a later case, *Hawkins v. U. S. F. & G. Co.,* 123 Ga., 722, 51 S. E., 724, the same Court declared: "A foreign corporation doing business in this State, and having agents located therein for this purpose may be sued and served in the same manner as domestic corporations, upon any transitory cause of action, whether originating in this State or otherwise."

To like effect are the decisions in *Dodgem Corp. v. D. D. Murphy Shows* (Ind., 1932), 183 N. E., 699; *Morgan v. Pa. R. Co.,* 148 Va., 272, 138 S. E., 566, *Hagerstown Brewing Co. v. Gates,* 117 Md., 348, 83 Atl., 570, *Lipe v. Carolina C. & O. Co.,* 123 S. C., 515; 116 S. E., 101, 30 A. L. R., 248, *Winders v. Ill. Cent. R. Co., supra. Contra: L. & N. R. Co. v. Dutsche Dampfschiffarts-Gesellschaft,* 43 Fed. (2d), 651.

It is suggested in some of the cases that there are serious constitutional objections to denying nonresidents the right to sue in the state

courts upon transitory causes of action arising elsewhere, or to withhold service of process on foreign corporations doing business in the State in such cases, when these rights are accorded to residents of the State. *McDonald v. MacArthur,* 154 N. C., 122, 69 S. E., 832.

Speaking to the subject in *Deatrick v. St. Life Ins. Co.,* 107 Va., 602, 59 S. E., 493, *Keith, J.,* delivering the opinion of the Court, observed "that a corporation may be sued upon a transitory cause of action wherever it is doing business in such a manner and to such an extent as to warrant the inference that, through its agents, it is there present. We further agree (though it is not necessary, perhaps, to decide it in this case), that by virtue of the Constitution of the United States, Art. IV, sec. 2, any citizen of the United States would have a similar right to bring suit."

And in *Erving v. C. & N. W. Ry. Co.,* 171 Minn., 87, 214 N. W., 12, *Wilson, C. J.,* after a full review of the authorities on the whole subject, says: "Article IV, sec. 2, of the U. S. Constitution will not permit the State legislature to say to nonresident plaintiffs: 'Our courts are open only to our residents to recover for personal injuries arising out of accidents in other states.'"

In the absence of an authoritative decision on the subject by the Supreme Court of the United States, we are disposed to follow the majority view and hold that when a foreign corporation has property in this State and is here present transacting its corporate business through local agents, such corporation is amenable to service of process according to the provisions of C. S., 483, in an action like the present one, and that this statute in the respect here assailed neither offends against the commerce clause of the Federal Constitution nor runs counter to the Fourteenth Amendment. *R. R. v. Cobb,* 190 N. C., 375, 129 S. E., 828; *Copland v. Telegraph Co.,* 136 N. C., 11, 48 S. E., 501.

Affirmed.