CIRCUIT COURT FOR MULTNOMAH COUNTY, FEBRUARY TERM, 1871.

## H. C. DRAY *v.* C. CRICH.

SPECIAL VERDICT. — A special verdict is that by which the jury find the facts only.

IDEM—EFFECT OF.—Where the verdict was such as to show that the jury did not intend to find a general verdict, and the court in rendering judgment treated it as a general verdict, the judgment was set aside.

JUDGMENT—CERTAINTY.—When a judgment is rendered, the record should show unequivocally what matters have been adjudicated.

THE facts are stated in the opinion filed in the cause.

*O. P. Mason*, for the petitioner.

*Caples & Moreland*, for the respondent.

UPTON, J.   A writ of review was issued on petition of the plaintiff directed to the defendant, who is a justice of the

peace, for the purpose of reviewing proceedings had before him in an action entitled *Irwin Burke* v. *H. C. Dray.*

In that action the plaintiff, Burke, sued to recover possession of a tract of land. The answer, among other things, set up in substance that the defendant had leased the premises from the plaintiff for one year, to be farmed or worked by him for a share of the crops. That after the expiration of the year, he had continued in possession with the consent of the plaintiff, Burke, for some months, during which time he had sown crops thereon, with like consent, which crops were then growing; the defendant claiming that the lease was still in force, and that he was still tenant of the premises from year to year, and had a right to remain in possession.

The cause was tried before a jury, who rendered the following verdict:

"We, the jurors, give verdict for plaintiff, claiming the defendant's right to have free access to the premises now in dispute, to harvest or gather any crops or produce of the soil planted or sown by said defendant before service of notice to quit the said premises now in dispute; that said defendant shall quietly deliver up to said plaintiff the possession of said premises without delay."

Thereupon the court rendered a judgment for the restitution of the premises to the plaintiff, and for costs.

Several errors are assigned, but the only assignment necessary to be now considered, presents the question whether the court erred in receiving the verdict and rendering judgment upon it.

It is claimed in favor of this proceeding:

1st. That this is substantially a special verdict which was within the province of the jury to render.

2d. That if an error was committed, no substantial right of the defendant has been disregarded or prejudiced.

3d. That there is sufficient in the verdict to warrant a judgment of restitution, and that all other parts may be rejected as surplusage.

If the jury had presented conclusions of fact, such as a court could act upon in determining the law of the case,

their verdict might be treated as a special verdict. But here there is nothing of that kind except that part which might be construed as a general verdict. All else is conclusion of law, or of law and fact. "A special verdict is that by which the jury find the facts only, leaving the judgment to the court." There is no part of the special finding that is of this character.

There is, probably, that in the finding which, if standing alone, the court might treat as a general verdict. But it is obvious that the jury did not intend to render a general verdict for the plaintiff, without restriction or limitation. On the contrary, if this finding be compared with the pleadings, it will be seen that the jury considered the defendant rightfully in possession when the crop was sown; that is, after the termination of the first year of the tenancy.

If error exists, it is one that affects a substantial right; the judgment is the same that would have been rendered on a general verdict for the plaintiff, and it is impossible to construe the language employed by the jury as expressing an intention to find for the plaintiff generally; we cannot deduce from the case that the jurors would have agreed to a verdict for the plaintiff containing no such reservations as they have attempted to make.

Another reason against allowing the judgment to stand is, that the verdict is not sufficiently certain to stand as a final decision of the special matters with which the verdict deals. It leaves it to be determined hereafter what crops were "sown before service of notice," and it attempts to pass upon matters not in issue. It is of the gravest importance that, when a final judgment is rendered, the record shall be definite and certain, and show unequivocally what matters have been adjudicated, and that the decision shall be a finality in regard to the matters in issue.

Any attempt to sustain such a departure from rule as is here presented, could scarcely fail to involve the parties in greater uncertainty and difficulty than existed at the commencement of the action.

Let the judgment be reversed and the cause remanded for a new trial in the justice's court.