[Filed January 6, 1890.]

C. C. BEEKMAN, APPELLANT, *v.* JACKSON COUNTY, RESPONDENT.

EMINENT DOMAIN—MEASURE OF DAMAGES.—Upon an appeal to the circuit court from an assessment of damages for opening a county road across the lands of the plain-tiff, the question to be tried and determined is, how much less valuable the lands will be rendered thereby? In the assessment of such damages, the value of the land taken for the purposes of the road, the effect of the taking upon the value of the remainder, the manner of the location of the road, the necessity it may occa-sion for the removal and building of fences, and any other material inconveniences or burden it may create, should be taken into consideration; also, any special bene-fits which the plaintiff may derive therefrom, and the amount of the assessment of the damages, less the value of the benefits, be allowed the plaintiff therefor. Such special benefits, however, must consist of some peculiar advantage which the lands will gain by means of the opening of the road.

EMINENT DOMAIN—DUTIES OF COURT.—In the assessment of damages for taking private property for public use, it is the duty of courts to exercise their powers with a view of enabling the party whose property is so taken to obtain such compensation therefor as the constitution assures to him. Hence, where it appeared from the verdict of a jury and the exceptions in a case of assessment of damages for taking the lands of the plaintiff for the purpose of a county road that the jury had evi-dently allowed, in reduction of the damages, benefits of a general nature, and the trial court had refused to give certain instructions requested by the plaintiff's counsel which particularly and properly defined the character of benefits allow-able in such a case;

*Held,* that such refusal was error, although the court had, in general terms, properly instructed the jury upon that point.

VIEWERS OF COUNTY ROAD—ALL MUST MEET.—Where the viewers are appointed by a county court to view the route of a proposed county road and assess the damages for opening it, they must all meet for deliberation concerning the matter; there-after two of them may execute the authority conferred. But where two of them attempt to execute the authority without such previous meeting of all, their act will be a nullity. This court will not, however, consider such an irregularity upon an appeal from an assessment of damages in such a case.

APPEAL from a judgment of the circuit court for the county of Jackson, entered upon the verdict of a jury, on a claim for damages in a proceeding to lay out a county road.

It appears that an application was made to the county court for said county of Jackson, to lay out a county road between certain points in said county, which, for a considerable distance, ran across the lands of the appellant. That the latter filed a complaint for damages for the opening of the road. That said court thereupon appointed viewers to view the route and assess, in favor of the appellant, any damages to which he might thereby be entitled. That said viewers viewed the route and reported that the appellant would be damaged, in consequence of opening the road, the sum of $400. That upon the said report being filed, the county court set it aside upon the grounds that the viewers, when they viewed the route and assessed the damages, had not been properly sworn. That said county court then appointed new viewers for the same purpose. That two of the viewers last referred to met and viewed out the route of the road, and reported to the county court that the appellant was not entitled to any damages in consequence of opening the road. That the county court being satisfied with such report, established the said road, whereupon the appellant took an appeal from said last mentioned report to said circuit court, where the question as to his right of damages in the premises was tried by jury, who returned the following verdict:

"Circuit court, Jackson county, Oregon. C. C. Beekman v. Jackson County: We, the jury in the above cause, find that the benefits to the lands of the plaintiff by the construction of the road will be equal to the damages, and we therefore find that the land of the plaintiff will be equally valuable with said road as without it, and hence we find for the defendant.    OWEN KEEGAN, Foreman."

*P. P. Prim*, for Appellant.

*G. W. Colvig*, for Respondent.

THAYER, C. J.—The appellant's counsel complains in regard to the action of the county court in setting aside the report of the first viewers, and appointing others in their place. I think, however, that there were more grounds for complaint against that court in its acting upon the view and report of the second viewers, as it appears that only two of them met and exercised the authority conferred upon the three. The statute specifically points out how such an authority shall be exercised in such cases. Section 518, Civil Code, provides that: "Whenever any authority is conferred on three or more persons, it may be exercised by a majority of them, upon the meeting of all, unless expressly otherwise provided." Unless, therefore, all of said viewers met, a less number had no authority to act, and their report was a mere nullity. But questions of that character should be reviewed on writ of review and not upon appeal. The main question in the case is whether the jury, in considering the question of damages to the appellant, in consequence of opening the road, acted upon a proper basis. Their duty was to assess and determine how much less valuable, if any, the appellant's lands would be rendered by the opening of the road. In ascertaining such fact they should of course take into consideration any special benefits which the lands would thereby receive. They evidently determined that the lands would be benefited by the building of the road; but whether they had in view a peculiar benefit to the appellant's premises, or some general benefit, which he would receive in common with others, does not appear. The appellant has brought here the substance of all the evidence in the case, including a plat of the premises and the line of the proposed road, and I am unable to discover therefrom that the appellant's premises will be benefited by the opening of the road any more than any premises in the vicinity will be. From the form of the verdict, and the nature and character of the evidence given, I should infer that the benefits considered by the jury in making up the verdict were such as result to the land owners in a community by the construction of

public thoroughfares.    The jury, in fact, virtually said as much; they said that the benefits to the lands by the *construction* of the road would be equal to the damages.    The opening of the road and the construction of the road might have quite a different effect upon the value of the appellant's premises.    The latter no doubt would materially benefit them, but would involve the expenditure of a sum of money, a proportionate share of which the appellant would be compelled to contribute before realizing it, and then the benefit would not necessarily be special.

The evidence in the case and the plat of the lands show that they are already accessible to a public road, which answers their necessities in that particular, and the benefit to them by the opening of the road in question is evidently remote and speculative.    Parties owning large bodies of land should not stand in the way of the laying out and establishing of public roads, nor should their lands be taken for such purpose without just compensation.    The constitution of the government guarantees them that, and its provisions should be observed.    The reasonable value of the land taken, the effect of the taking upon the remainder, the manner of the location of the road, the necessity it may occasion for the removal or building, of fences, and any other material inconvenience or burden it may create, should be fairly considered, and the sum of the several items should be allowed the owner, subject to any reduction on account of special benefits he may derive therefrom.    But before the jury are authorized to make any such reduction, the evidence must show that the remainder of the land will gain some peculiar advantage by the opening of the road, and they should be made to understand that they cannot arbitrarily set off benefits against damages unless the former pertain to the character here indicated.

The instructions of the court to the jury herein fairly presented the law upon the subject, if there had been any evidence in the case which would have authorized the jury to allow for such benefits; but I cannot discover that there

was any question upon that point for them to decide. The appellant's counsel has cited the following list of authorities which, I think, clearly state the rule: *Commissioners Pottawatomie Co.* v. *O'Sullivan*, 17 Kans. 58; *Upham* v. *Worcester*, 113 Mass. 97; *Parks* v. *Hampden Co.*, 120 Mass. 395; *Schaller* v. *City of Omaha*, 36 N. W. Rep. 533; *Whiteley* v. *Miss., W. P. & B. Co.*, 38 N. W. Rep. 753; *Wyandotte, Kansas City & N. W. Ry. Co.* v. *Waldo*, 70 Mo. 629; Mills on Eminent Domain, §§ 152, 153; Lewis on Eminent Domain, §§ 476, 469. I do not think the jury should have been required to state separately in their verdict the amount of the damages and of the benefits, as insisted upon by the appellant's counsel. That is not required under the statute, though I think that the viewers appointed under the charter of the city of Portland to assess damages in consequence of the opening of streets are, or were at one time, at least, required to so state the damages and benefits. It would undoubtedly be a wholesome regulation if juries were required in all such cases to state in their verdict the amount of damages and benefits separately, and the facts from which the benefits accrued; but it will require legislation upon the subject before such a regulation can be adopted. And I doubt very much whether the exception of the appellant's counsel to the refusal of the court to set aside the verdict of the jury upon the grounds that the evidence was insufficient to support it, was well taken. Such a question should be raised in some form before the case is submitted to the jury. The setting aside of a verdict upon such a ground is left to the discretion of the court. The claim of counsel that there was no evidence to support the verdict should not be heard except as addressed to the discretion of the trial court, after they have allowed the case to go to the jury unchallenged upon that point, as they thereby tacitly agree that there is evidence upon which a verdict may be rendered. If the verdict should be so informal as would not authorize the entry of a judgment thereon, the rule would be different; there an exception to the refusal of the court to set

the verdict aside, upon motion properly submitted, would be tenable. But the trial court, it seems to me, should have given to the jury, of the instructions asked by appellant's counsel, the following: "Only such benefits should be allowed and considered by the jury as are peculiar to Beekman, the owner of the land taken by said road; and they should be such benefits as pertain to his ownership in and his enjoyment of the particular land taken for said public road, and not such benefits or advantages as may result to other lands owned by him, if any. Speculative, remote and consequential injuries and benefits are not to be allowed; only those injuries and benefits are to be considered which are peculiar to the person whose property is taken, and they must be injuries and benefits as to the ownership of such person in and to his enjoyment of the particular parcel of land a portion of which is taken."

The court, in its instructions to the jury, did limit the benefits to be considered to the amount of any special benefits which might accrue to appellant by reason of the opening of the road; but that was hardly explicit enough under the circumstances of the case. The county, as agent of the State under a delegated authority, was attempting to take the property of the appellant against his will for public purposes. The court, in that class of cases, has more than a mere passive duty to perform. It should exercise its authority to secure to the party the compensation which the constitution assures to him. It is apparent from the evidence set out in the bill of exceptions, and from the form of the verdict, that the jury did not limit its finding of benefits to that character of benefits which the law authorizes to be set off against damages in such cases, and we must presume that the error of the jury in that particular resulted from a failure on their part to comprehend what the phrase "special benefits" was intended to include. The instructions referred to, which were asked and refused, were calculated to explain the meaning of said terms, and I think the court should have given them. It would have been more satisfactory, how-

ever, if the appellant's counsel had also requested the court to instruct the jury that the evidence in regard to benefits to the appellant's lands by the opening of the said road was not sufficient, as a matter of law, to authorize the jury to consider them in their appraisal of damages, and it would have been still more satisfactory if the court had directed the jury to find the facts in respect to any such alleged benefits as provided in § 215, Civil Code.

For the reasons herein suggested, the judgment appealed from will be reversed, and the case remanded to the circuit court for a new trial.