## MASTERS v. CITY OF PORTLAND.

[S. C. 33 Pac. Rep. 540.]

MUNICIPAL ASSESSMENTS — LOCAL IMPROVEMENTS.— A willful, arbitrary, and intentional omission on the part of a city council to assess a portion of the property benefited by a local improvement, placing the whole burden upon the remaining property, renders the assessment void, even though the direct benefits to the separate parcels are in excess of the assessment thereon.

CONSTITUTIONAL LAW — EQUAL TAXATION — STREET AND SEWER ASSESSMENTS.— The provision of section 1 of article 9 of the state constitution requiring a uniform and equal rate of assessment and taxation does not apply to street or sewer assessments, and assessment for these purposes in proportion to the benefits received is constitutional. *King* v. *Portland*, 2 Or. 146, cited and approved.

Multnomah County: LOYAL B. STEARNS, Judge.

This is a suit brought by William Masters, W. B. Preston, Annie Corbett, Julia D. Church, Annie F. Holland, Mary C. Roth, Jennie Porter, and Joseph Paquet to enjoin the City of Portland from collecting an assessment levied upon real property owned by them, to defray the cost of a sewer. The material facts are that on November 19, 1890, the common council of the City of Portland passed ordinance No. 6593, entitled "An ordinance declaring the pro-

portionate share of the cost of constructing the sewer in Thirteenth Street from the south line of Montgomery Street to the proposed main sewer in Market Street, to be assessed to the property benefited by the construction thereof, and directing an entry of such assessment in the docket of city liens as provided by section 121 of the city charter"; and in pursuance thereof made an assessment against plaintiffs' property and entered it upon said docket. It is alleged that said assessment is unequal, unjust, and arbitrary, because a large amount of property benefited by said sewer is not assessed, and that plaintiffs' property is thereby obliged to bear an unequal proportion of the cost. A list of property alleged to have been benefited by said sewer, but not assessed, is then given, and it is further alleged that the omission to assess the property upon said list was willful, arbitrary, and intentional on the part of said city, and is unjust to the plaintiffs; that the entry of said assessment in the docket of city liens casts a cloud upon the title to plaintiffs' land. Then follows a prayer for a perpetual injunction against the enforcement of said assessment. The defendant demurred to the complaint for that it did not state facts sufficient to constitute a cause of suit. The court overruled the demurrer, and, the defendant refusing to further plead, a decree was rendered as prayed for, from which the defendant appeals. Affirmed.

*William T. Muir*, city attorney, for Appellant.

Assessments levied upon property benefited to defray the cost of a local improvement, are in the nature of taxes, but they do not fall within the meaning of the constitutional provision requiring uniformity and equality in taxation: Oregon Const. Art. I. § 32; *King* v. *City of Portland*, 2 Or. 146; *Emery* v. *San Francisco Gas Co.* 28 Cal. 345; Cooley's Constitutional Limitations (5 Ed.), 619.

Complainants conceive themselves to have been injured upon considerations very unique. It is nowhere claimed

that any of the assessments levied against the separate parcels of land are in excess of the direct benefits conferred by the improvement. The grievance seems to consist in the supposition that other property is also benefited, but is not charged with a proportion of the cost, and that still other property which is assessed, is not assessed in equal proportion to the value thereof. And it is charged that the omission to make assessments on said property not assessed was "willful, arbitrary, and intentional" on the part of the city and is unjust to the plaintiffs. The logic of the complaint is that notwithstanding the city has proceeded properly, and in no wise exceeded the authority conferred upon it by the legislature, and has not charged the plaintiffs more than the improvement benefits them, yet the assessments are invalid because the plaintiffs have a notion of their own that there is other property so situated as to realize some advantage from the sewer. This court has recently held that a property holder has no right to complain if his property is not charged an amount in excess of the benefits actually conferred by an improvement. In that case, as well as in an earlier one, this court also held that in a case like the present one, the court could not substitute its discretion in the stead of the judgment of the tribunal or body designated by the legislature for the purpose of determining the question of benefits arising from the making of an improvement.

Where an improvement directly benefits the property assessed the question of the extent of the value thereof must be determined by the proper officers of the corporation. In the absence of fraud the courts will not interfere unless the property assessed is so situated as to render it physically impossible for the improvement to benefit it; or where the mode of levying the assessment excludes the consideration of the question of value of the improvements: *Paulson et al.* v. *City of Portland et al.* 16 Or. 450; *King* v. *City of Portland*, 2 Or. 146; *O'Reilly* v. *Kingston*,

114 N. Y. 439; 10 Am. & Eng. Enc. 301; *Bigelow* v. *Chicago*, 90 Ills. 49; *Baltimore* v. *Johns*, 56 Md. 1; *Davies* v. *City of Saginaw*, 87 Mich. 439; *Moore* v. *People*, 106 Ills. 376; *Workman* v. *Worcester*, 118 Mass. 168; *Petition of Cruger*, 84 N. Y. 619; Cooley, Taxation, 662, 663; *Wray* v. *Pittsburgh*, 46 Pa. St. 365; *People* v. *Hager*, 52 Cal. 171; *Rickets* v. *Spraken*, 77 Ind. 371; *Re Union Ave.* 59 How. Pr. 228.

*Julius C. Moreland*, and *Wm. Y. Masters*, for Respondents.

The leading case upon the question of the effect of the intentional omission of property from an assessment, and one to which all the authorities upon this subject, since its rendition, refer, is that of *Weeks* v. *Milwaukee*, 10 Wis. 260. This was a suit to declare the assessment of the City of Milwaukee void, because of the intentional omission from the roll of certain valuable property, and the court held that omissions of property from the assessment, arising from mistakes of fact, erroneous computations, or errors of judgment on the part of those to whom the execution of the taxation laws is entrusted, do not necessarily vitiate the whole tax; but intentional disregard of these laws, in such manner as to impose illegal taxes upon those who are assessed, does vitiate the entire tax.

The same principle is declared in the following cases: *Exchange Bank of Columbus* v. *Hines*, 3 Ohio St. 1; *Dyar* v. *Farmington*, 70 Me. 515; *Simple* v. *Langlade Co.* 75 Wis. 234; *LeRoy* v. *Mayor*, 20 Johns. 430; *Henry* v. *Chester*, 15 Vt. 400; *Merrill* v. *Humphrey*, 24 Mich. 174.

MR. JUSTICE MOORE delivered the opinion of the court:

The appeal presents but one question: What is the effect of a wilful, arbitrary, and intentional omission to assess a portion of the property benefitted by a local improvement, and placing the whole burden upon the remaining property? The city charter invests the council

with a discretion in apportioning the benefits of a local assessment, and such discretion, when honestly exercised, cannot be reviewed by the courts, and an assessment so made is not void, unless it be shown that in consequence of the location of the property it was impossible for it to receive any benefit therefrom: *Paulson* v. *City of Portland,* 16 Or. 460 (19 Pac. Rep. 450).

The converse of this rule must necessarily be true, that if there be property within the assessment district which has been benefitted by the local improvement, and wilfully, arbitrarily, and intentionally omitted therefrom, such assessment would be void; but accidental omissions from taxation of persons or property that should be taxed, occurring through the negligence or default of officers to whom the execution of the taxing laws is intrusted, would not have the effect of vitiating the whole tax. When the omission has occurred through no purpose to evade or disregard official duty, the occasion which produced it seems wholly immaterial: Cooley, Taxation (2d Ed.), 216. The apportionment of the tax is always presumptively just and equal, and cannot be frustrated on any grounds of policy, nor can it be set aside on any showing that in particular cases its operation is unjust; but the requirement of apportionment is absolutely indispensable in any exercise of the power to tax. There can be no such thing as a valid taxation when the burden is laid without rule, either in respect to the subject of it, or to the extent to which each must contribute. In this respect the legislature is as powerless as any subordinate authority, it being impossible there should be taxation that is at once arbitrary and valid: *Idem,* 243. Appellants contend that the plaintiffs do not allege that any of the assessments levied against the separate parcels of land are in excess of the direct benefits conferred, and therefore they have no cause of suit. Judge Elliott in his valuable work on Roads and Streets, in treating this question, says at page 186:

"Benefits peculiar to the owner may, in a just sense, be said to constitute a compensation, because they add to the value of the property, and thus increase the owner's estate. It is, however, plainly inequitable to make one whose property is seized pay for a benefit which all the public secures, but for which no member of it except himself is required to pay. Although there are cases holding that such general benefits may be considered, they are not grounded in sound principles nor well sustained by authority."

In *City of Chicago* v. *Baer et al.* 41 Ill. 306, LAWRENCE, J., says: "Suppose, for example, a street improvement costing ten thousand dollars was of such character as to increase to that amount the value of A's property, and B and C each have property whose value is increased to the same amount, but nevertheless the entire cost of the improvement is assessed upon the property of A. Can his complaints be justly answered by telling him that he is not injured, because, although he pays ten thousand dollars, his property is increased in value to that amount? May he not truthfully reply that he has nevertheless been obliged to pay for benefits to the property of B and C, and to that extent his money has been taken for their use? We hold it to be clear, that while the power to make these special assessments may be sustained under the right of eminent domain, yet, in making them, the constitutional principle applies as fully as to the ordinary modes of taxation,—that one person's property cannot be improved at the expense of another, and that no special assessment can be sustained which imposes all the cost upon a portion of the property benefited, and leaves other property, equally benefited, wholly exempt. That the exact ratio of benefits can be determined with mathematical nicety is of course impossible, but that is the principle upon which the assessment must be made, as correctly as possible to fallible human judgments." Section 1 of article 9 of the constitu-

tion provides that "The legislative assembly shall provide by law for uniform and equal rate of assessment and taxation." This provision, however, does not apply to an assessment upon the lots and blocks abutting on a street for the improvement thereof, and an assessment upon such property in proportion to the benefit received is not unequal or un-uniform: *King* v. *Portland*, 2 Or. 146. The principle of equity and justice in all special assessments requires the property benefited by a local improvement to bear its share of the burden in proportion to the benefits received. The doctrine of such assessments rests upon the theory of benefits, and when the estate is required to respond in no greater sum than its share fairly apportioned the assessment is uniform and equal. The complaint, and a map that is made a part of it, presents a list of property which appears to have been benefited by the improvement, but omitted from the assessment. The presumption exists that the city council exercised in the assessment of this property an honest discretion, and apportioned the expense equally as compared with the benefits received, but this presumption is only a matter of evidence, and can be overcome by proof, and, in the absence of any answer denying the allegations of the complaint, must yield to such undenied allegation that the omission to assess it was arbitrary, and that the plaintiffs' property in consequence thereof was obliged to have an unequal share of the burden imposed. For this reason the decree of the court below is AFFIRMED.