Motion to dismiss denied with privilege to renew February 21, 1922, argued December 5, 1923, affirmed February 5, rehearing denied March 11, 1924.

## RE PETITION OF J. L. REEDER ET AL.

(222 Pac. 724.)

**Eminent Domain—On Appeal from Assessment of Damages Jurisdictional Question cannot be Considered.**

1. In proceedings under Laws of 1917, page 588, being Sections 4536–4576, Or. L., to establish a county road, an appeal from the assessment (Section 4553) of damages sustained (Section 4551) by the land owners by the establishment of the highway does not involve the question of the regularity of notice given by advertisement (Section 4543), or that of the utility of such public highway (Section 4550), those questions being reviewable only by writ of review under Sections 602–611; the act of 1917 not having altered the procedure.

**Eminent Domain—General Benefits cannot be Offset Against Damages.**

2. General benefits from the laying out of a county road cannot be offset against the land owner's damages.

**Eminent Domain—Remote Damages not Assessable.**

3. Remote or speculative benefits or damages from the laying out of a county road should not be taken into consideration but only such as are reasonably certain.

**Eminent Domain—Rule Relating to Deduction of Benefits Stated.**

4. In cases where benefits are allowed for the laying out of a county road, they are to be restricted to such as are special and peculiar to the estate of the owner, and benefits to him or to his estate, which are common to the public, should be excluded from consideration, because it is inequitable to make one whose property is seized pay for a benefit which all the public secures, but for which no member of it except himself is required to pay.

**Eminent Domain—Whether Lands Would be Specially Benefited or Damaged by Construction of County Road not Reviewable on Appeal.**

5. On appeal from the Circuit Court in proceedings under Laws of 1917, page 588, being Sections 4536–4576, Or. L., for the estab-

2. Right to set off benefits against damages in eminent domain proceedings, see notes in 9 L. R. A. (N. S.) 781; L. R. A. 1918A, 884.

4. Right to set off benefits to part of tract which is not taken but is subject to assessment for improvement, against damages for taking part of tract for public improvement, see notes in 13 Ann. Cas. 603; 19 Ann. Cas. 859; Ann. Cas. 1914B, 478; 17 A. L. R. 64.

See 20 C. J., pp. 764, 822, 878, 1112, 1116, 1145, 1146, 1148.

lishment of a county road, where there was evidence to sustain a finding that real property of appellants would be damaged by reason of the location of the road, and evidence that it would be benefited, the question whether appellants' lands were damaged or benefited was for the jury, and the Supreme Court cannot weigh the evidence.

**Eminent Domain—Denial of Allowance of Attorney Fees in Resisting Condemnation Proceedings not Taking of Property.**

6. Constitution, Article I, Section 18, providing that property shall not be taken or the particular services of a person demanded without just compensation, could not be urged as authorizing an allowance for reasonable attorney fees incurred by land owners in appealing from the order of the Circuit Court awarding damages, in proceedings under Laws of 1917, page 588, being Sections 4536–4576, Or. L., for the establishment of a county road.

**Eminent Domain—Statute as to Procedure in Condemnation Suits Does not Apply to Establishment of County Roads by Petition.**

7. Section 4563, Or. L., relates to the procedure to be pursued under that part of the act (Laws 1917, p. 588) empowering the County Court to acquire land and property, water, watercourses or any right or interest therein for stated public uses, by a suit instituted in the Circuit Court under Sections 4561–4563 to condemn property for public uses, and does not apply to proceedings for the location and establishment of county roads instituted by petition of resident freeholders pursuant to Section 4538.

**Eminent Domain—In Proceedings for Establishment of County Road Attorney Fees not Recoverable.**

8. Despite that, in proceedings under Laws of 1917, page 588, being Sections 4536–4576, Or. L., for the establishment of a county road, instituted by petition of resident freeholders under Section 4538, appellant land owners were compelled to come into court to assert their rights, and, to prevent the taking of their property without just compensation, attorney fees could not be recovered in the absence of a provision authorizing such a recovery, Sections 4551, 4553, authorizing merely recovery of costs, under certain conditions, on appeal to Circuit Court.

**Eminent Domain—Statute Authorizing Attorneys' Fees Held not to Apply to Proceedings for Establishment of County Road.**

9. Section 7105, Or. L., authorizing taxing of attorneys' fees under certain conditions in eminent domain proceedings instituted by the state or one of its agencies, does not apply to proceedings for the establishment of a county road by a petition of resident freeholders pursuant to Section 4538.

From Multnomah:   H. H. BELT, Judge.

Department 2.

This is an appeal by land owners from an order of the Circuit Court for Multnomah County, Oregon,

upon the verdict of the jury awarding damages by reason of the laying out of a county road through their lands.

J. L. Reeder and sixteen other averred freeholders, residents of the same road district, petitioned the Board of County Commissioners of Multnomah County, Oregon, for the purpose of having a county road established in their district, which road was described in their petition. The petition, with accompanying proof that notice had been given by advertisement, was presented to the Board of Commissioners for action.

The record shows that E. B. Gardner, S. Hutchison, Kittie T. Hutchinson, J. S. Crumbley and J. N. T. McIntire filed a remonstrance with the board and protested against the laying out and establishment of the road described in the petition. Thereafter, viewers were appointed who reported, in part:

" * * As an offset to the damages demanded by some of the owners of said property, we recommend that the said road be fenced at the public expense."

Petitions for damages were filed as follows:

E. B. Gardner........in the sum of $10,000
Kittie T. Hutchinson..in the sum of    3,500
J. N. T.. McIntire....in the sum of    7,500
J. S. Crumbley.......in the sum of    2,500
Mary C. Crumbley....in the sum of      600

Thereafter, the Board of Commissioners entered an order reciting, among other things:

" * * There have been filed various claims for damages on the part of property owners through whose property the proposed road will be laid out and opened * * .

"The Board of County Commissioners hereby finds that the said road will be a public utility.

"Ordered, further, that the said report of the Board of County Road Viewers be, and is hereby,

adopted, save and except * * 'that the said road be fenced at the public expense,' which said recommendation is hereby disallowed. * *

"Ordered, further, * * all of the claims for damages * * are hereby denied and disallowed. * *

"Ordered, further, that the said remonstrance * * is hereby overruled.

"Ordered, further, that the said road be finally surveyed and opened."

Within twenty days thereafter, appeal from the order of the Board of Commissioners was taken to the Circuit Court by the appellants, who each recovered a judgment more favorable than the order appealed from. In that court, five cases were consolidated and tried as one action. The order of the Circuit Court recites:

"This cause coming on for hearing upon the appeal of appellants, * * the court having submitted to the jury the question of the amount of damages sustained by appellants by virtue of the establishment of said road, * * and the jury having returned a separate verdict in the case of each appellant and assessed their damages and benefits; * *.

"And it appearing to the court * * that appellants are entitled to their costs and disbursements, and evidence of a reasonable attorney's fee having been submitted to the court by appellants, the smallest sum being $2,000 and the largest sum $2,500;

"And it appearing to the court that in proceedings of this character appellants cannot claim a reasonable attorney's fee to be taxed as part of their costs, and therefore no attorney's fee can be allowed herein * * ;

"It is, therefore, ordered, that the amount of just compensation awarded to appellant E. B. Gardner for damages to his land, resulting from the establishment of said proposed road, is $1,706."

Damages were likewise awarded to the other appellants in the following amounts:

J. S. Crumbley...................$ 369.00
J. N. T. McIntire................. 2,482.70
Kittie T. Hutchinson..............  457.00
Mary C. Crumbley...............  165.00

On appeal to this court, appellants assign as error the court's ruling—

1. In refusing appellants' offer to show that notices were not posted in public places in the vicinity of the proposed road.

2. In giving certain instructions and refusing to give other instructions requested by appellants.

3. In refusing to fix attorney's fees, and in entering an order fixing the amount of just compensation to be awarded to appellants.

MOTION TO DISMISS DENIED. AFFIRMED. RE-
HEARING DENIED.

For appellants there was a brief and oral argument by *Mr. George S. Shepherd.*

For respondent there was a brief over the names of *Mr. Stanley Myers,* District Attorney, and *Mr. Samuel H. Pierce, Mr. Jay Stockman* and *Mr. Wm. H. Hallam,* Deputies District Attorney, with oral arguments by *Mr. Pierce* and *Mr. Stockman.*

BROWN, J.—The appellants challenge the validity of the establishment of the county road described in these proceedings, and likewise appeal from the assessment of damages awarded them upon the verdict of the jury by order of the Circuit Court.

1. If the Board of County Commissioners has exercised its judicial functions erroneously, or has exceeded its jurisdiction in the matter of the establishment of the county road involved in this proceeding, the appellants' remedy for that wrong is by the writ of review: Or. L., §§ 602–611.

But appellants, relying upon the provisions of the act of 1917, contend that upon an appeal from an assessment of damages, questions affecting the jurisdiction of the board to establish the highway may likewise be tried to the jury. With this contention we cannot agree: *Beekman* v. *Jackson County,* 18 Or. 283 (22 Pac. 1074).

The proceedings had to establish the county road involved herein are governed by the provisions of Chapter 295, General Laws of Oregon, of 1917, codified as Oregon Laws, Sections 4536–4576. The act is entitled:

"An act to provide for laying out, opening, establishing, constructing, improving, maintaining, altering, repairing, widening, grading, straightening, locating, * * and vacating county roads * * ."

The term "County Court," as used in the road law, includes the "Board of County Commissioners": Or. L., § 4536.

Among other methods provided by that act for the laying out of county roads is the familiar proceeding by petition of resident freeholders: Or. L., § 4538. This was the procedure pursued in the case at bar. Applications for locating, laying out or establishing county roads by petition of freeholders of a road district shall be signed by twelve, or a majority, of the freeholders of the county residing in the district or districts where such road is to be established: Or. L., § 4540. The necessary descriptive matter is defined by Section 4541. A bond for costs is required by Section 4542. When a petition for the establishment of a county road by freeholders is presented to the County Court for action, it shall be accompanied by satisfactory proof of notice given by advertisement, posted in four public places. The notice shall be posted at the

place of holding "County Court," and at three public places in the vicinity of the proposed road to be located: Or. L., § 4543. Section 4544 provides for a board of county road viewers, and the succeeding three sections relate to their qualifications, the location of the road by viewers, and the procedure of that board. Section 4549 relates to petitions for damages and remonstrances. Section 4550 provides for the consideration of the reports, remonstrances and claims for damages, and prescribes when the court may find that the road is of public utility.

In the instant case the board dismissed the petition for damages, found the road to be of public utility, and ordered it opened.

"If the petition for damages be denied, the County Court shall enter an order adopting said report and establishing said road, but no such order shall be final, or operate to establish said road, unless the time for taking an appeal to the Circuit Court, as set forth in Section 4553 hereof, shall have expired and no appeal shall have been taken, or, in the event such an appeal has been taken, unless the County Court shall, by an order entered in its journal, find the immediate opening of said road to be of great public necessity, and direct that upon the final determination of the appeal, the county clerk draw a warrant payable to the appellant for the full amount of all damages determined, together with costs if the appellant recover a judgment more favorable than the order appealed from, and that said order direct the county treasurer to set aside and hold sufficient moneys on hand and available for such purpose and not otherwise appropriated, to pay all damages claimed and costs." Or. L., § 4551.

Section 4552 relates to the payment of damages.

Section 4553 reads:

" * * Any person whose lands are directly affected by such proceeding may, within twenty days after such

report is adopted by the County Court, appeal therefrom to the Circuit Court of said county.  Such appeal shall be taken to the Circuit Court in the manner provided by law for the appeals from the justice of the peace to the Circuit Court, and if the appellant shall fail to recover a judgment more favorable than the order appealed from, said appellant shall pay all costs of said appeal.''

Most of the foregoing has been road law of this state for many years, and its re-enactment in 1917 is but a continuation of the former law: *Renshaw* v. *Lane County Court*, 49 Or. 526 (89 Pac. 147).  The following provision is peculiar to the act of 1917:

''No final order establishing, altering or relocating any road of highway shall be set aside, or annulled upon appeal or review, nor shall any County Court refuse to render any such final order, for or on account of any defect or irregularity in the petition or resolution, or notice thereof, which does not materially effect (affect) the substantial rights of an interested party.   The following irregularities are hereby declared to be immaterial defects: * *

''2. Errors in the posting of the notices, where it can be shown that all persons objecting to the proceedings for the proposed road had actual notice thereof prior to the time of the first reading of the petition * * .''   Or. L., § 4555.

We have hereinbefore said that we cannot, in this appeal, determine the averred jurisdictional errors committed by the county board.   However, in passing, we will say that in the establishment of a county road by petition, the notice is the process which confers jurisdiction upon the County Court to hear the application of petitioners.   Jurisdiction to hear the petition is acquired by proof of notice ''given by advertisement posted at the place of holding County Court and also at three public places in the vicinity of the

proposed road," or, in the event of objection on account of errors in the posting of notices, in order to confer jurisdiction the record must disclose "actual notice" to the objectors prior to the time of the first reading of the petition.

But we shall not dispose of this case by holding that the court had, or did not have, jurisdiction, for that is not a matter brought to our attention by this proceeding. An appeal from the assessment of damages sustained by the land owners arising from the establishment of a public highway does not involve the question of the regularity of notice given by advertisement, or that of the utility of such public way: *Hammer* v. *Polk County,* 15 Or. 578 (16 Pac. 420); *Beekman* v. *Jackson County, supra; Leader* v. *Multnomah County,* 23 Or. 213 (31 Pac. 481); *Fanning* v. *Gilliland,* 37 Or. 369 (61 Pac. 636, 62 Pac. 209, 82 Am. St. Rep. 758).

In the case of *McCall* v. *Marion County,* 43 Or. 536 (73 Pac. 1030, 75 Pac. 140), Mr. Justice BEAN wrote:

"An appeal to the Circuit Court from the assessment of damages, in proceedings for the establishment of a county road, under the statutes referred to, merely brings up the question of damages and does not involve the regularity of any of the other proceedings. * * It does not affect the right of the County Court to locate and establish the road, or challenge its regularity. The sole question to be tried is the amount of damages, if any, the claimant will sustain."

The act of 1917 has in nowise altered the procedure in this class of cases.

It follows that the court did not err in rejecting appellants' proffered testimony relating to the service of process, nor in refusing to instruct the jury to determine whether the proposed road will be of public utility, nor in refusing to give appellants' requested

instruction reading, in part, "You are instructed that the proceedings in this case are void for want of notice and that the County Court had no jurisdiction to establish this road."

We have examined the court's instructions relative to damages, benefits and special benefits and find them free from error.

2, 3. It is a matter well settled that general benefits cannot be offset against the land owner's damages: *Beekman* v. *Jackson County*, 18 Or. 283 (22 Pac. 1074); *Coos Bay R. R. Co.* v. *Nosler*, 30 Or. 547 (48 Pac. 361); *Portland etc. Ry. Co.* v. *Ladd Estate Co.*, 79 Or. 517 (155 Pac. 1192); *Schmid* v. *City of Portland*, 83 Or. 583 (163 Pac. 1159). Remote or speculative benefits or damages should not be taken into consideration in any case, but such only as are reasonably certain: *Coos Bay R. R. Co.* v. *Nosler, supra.*

4. The decisions upon the general subject of the allowance of benefits range themselves under different heads:

"1. Those holding that benefits cannot, in any case, be set off against the injury sustained by the land owner.

"2. Those holding that special benefits may not be set off against the value of the land actually seized, but may be set off against injury to the residue of the tract, or incidental injuries sustained by the land owner.

"3. Those holding that special benefits may be set off against the value of the land, as well as against incidental injuries." 1 Elliott, Roads and Streets, § 275.

Oregon is properly classed with the third division.

The law relating to the deduction of benefits is concisely stated in 1 Elliott, Roads and Streets, at Section 277:

"In cases where benefits are allowed at all, they should be restricted to such as are special and peculiar to the estate of the owner, and benefits to him, or to his estate, which are common to the public, should be excluded from consideration. It is plainly inequitable to make one whose property is seized pay for a benefit which all the public secures, but for which no member of it except himself is required to pay."

This is in harmony with the decisions of our court noted above.

5. There is testimony in the record that warranted the trial jury in finding that the real property of each of the appellants would be damaged by reason of the location of the proposed road. There is likewise some competent testimony in the record from which the jury might find that the lands of each would be specially benefited by the location and construction of the road. We cannot weigh the evidence. It presented a question for the determination of the jury exclusively. The court with great care instructed the trial jury concerning damages and the special benefits to be considered by them as offsetting the damages, if any, that were sustained by the land owners.

6. Appellants contend that they are entitled to a reasonable attorney's fee, and uphold their contention by quoting the following declaration from our fundamental law:

"Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation." Art. I, § 18, Or. Const.

Admittedly, the property of the appellants cannot be taken by Multnomah County without compensation, but it cannot be claimed that the "particular services of any man" are being taken on behalf of the public

in the instant case.   The learned attorney is ably representing private litigants.

7. Appellants also quote from Section 4563, Or. L., as sustaining their claim for attorneys' fees. It reads:

"The procedure in said suit, action or proceeding shall be, as far as applicable, the procedure provided for in and by the laws of this state for the condemnation of land or rights of way by public or *quasi-* public corporations for public use or for corporate purposes * * ."

The quoted section has no application to the location and establishment of county roads by petition of resident freeholders.   That section relates to the procedure to be pursued under that part of the act empowering the county court to acquire "land and property * * , water, watercourses, or any right or interest therein for · public uses hereinbefore set forth," by a suit instituted in the circuit court for the purpose of condemning property for public uses: Or. L., §§ 4561–4563.

8. The road law expressly provides for an appeal to the Circuit Court, and for the recovery of costs in a case like the one at bar: Or. L., §§ 4551, 4553.   But there is no provision for the recovery of attorneys' fees.   Conceding it to be true, as urged by counsel for the appellants, that his clients were compelled to come into court and assert their rights in order to prevent their property from being taken from them without just compensation, nevertheless, they cannot recover attorneys' fees in the absence of a provision of law authorizing such recovery.

9. Under some conditions, when the state, or one of its agencies, prosecutes an action in court for the purpose of condemning real property for public use,

a reasonable attorney's fee may be fixed by the court at the trial and taxed: *Warm Springs Irr. Dist.* v. *Pacific Livestock Co.,* 89 Or. 19 (173 Pac. 265); *State* v. *Ganong,* 93 Or. 440 (184 Pac. 233); *State ex rel.* v. *Hawk et al.,* 105 Or. 319 (208 Pac. 709, 209 Pac. 607).

The statute construed to authorize the taxing of attorneys' fees in such cases reads:

"The costs and disbursements of the defendant, including a reasonable attorney's fee to be fixed by the court at the trial, shall be taxed by the clerk and recovered from the corporation, but if it appear that such corporation tendered the defendant before commencing the action an amount equal to or greater than that assessed by the jury, in such case the corporation shall recover its costs and disbursements from the defendant, but the defendant shall not be required to pay the plaintiff's attorney fee." Or. L., § 7105.

The legislation of this state has never extended that section of the Code to apply to the establishment of a county road by a petition, as in the instant case, nor can its reach be extended by construction.

This case is affirmed, without costs to either party.

MOTION TO DISMISS DENIED. AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BEAN and McCOURT, JJ., concur.